# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| CHAD MARUSAK, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO.  4:19-CV-00848 |
| | § § | Judge Mazzant |
| INTERMODAL CARTAGE CO., LLC, | § § | |
| *Defendant*. | § § | |

### MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Intermodal Cartage Co., LLC's Motion for Summary Judgment (Dkt. #20). Having considered the motion and the relevant pleadings, the Court finds that Defendant's motion should be **GRANTED in part** and **DENIED in part**.

### BACKGROUND

This case arises out of an employer-employee relationship whereby Plaintiff alleges actionable claims of retaliation and sexual harassment under Title VII of the Civil Rights Act of 1964. To better understand the nature of the claims, the Court will briefly outline the pertinent facts.

Plaintiff worked for Defendant as a commercial truck driver in Haslet, Texas. Plaintiff's route included Garden Ridge Pottery, a/k/a At Home ("Garden Ridge"). On January 5, 2016, a security guard at Garden Ridge, Sandra Neal ("Neal"), lodged a complaint with Defendant against Plaintiff for Plaintiff's improper smoking and behavior on Garden Ridge's premises. Defendant asked for Plaintiff's statement regarding the incident, and Plaintiff admitted to improperly smoking on Garden Ridge's premises. Plaintiff denied blowing smoke in Neal's face. Following corroboration of Neal's complaint by another one of Defendant's drivers, Defendant stopped

dispatching Plaintiff to Garden Ridge.  Plaintiff alleges, however, that he was still required to go to Garden Ridge a few times.

According to Plaintiff, Neal had been making sexually explicit comments towards him, beginning in September of 2015.  Plaintiff claims these comments occurred regularly for several months, and he reported the harassment to Defendant's management numerous times.  Despite Plaintiff's alleged reports, Plaintiff claims Defendant failed to stop the harassment.  Plaintiff also states that he made a report to the security company concerning Neal's behavior.  Plaintiff asserts that, in an effort to retaliate against Plaintiff, Neal filed the false report on January 5, 2016.

Plaintiff claims that he both hired an attorney to send a letter to Defendant regarding the harassment and retaliation, and he also filed a Charge of Discrimination with the EEOC. According to Plaintiff, Defendant then decreased the quantity and quality of Plaintiff's loads, which affected his take-home pay.  On March 23, 2016, Plaintiff resigned from Defendant's company—a resignation Plaintiff claims was unavoidable and amounted to a constructive discharge.  Plaintiff cited sexual harassment and a hostile work environment as the reasons for his resignation.

On October 20, 2020, Defendant filed the present motion (Dkt. #20).  On November 10, 2020, Plaintiff filed a response (Dkt. #23).  On November 17, 2020, Defendant filed its reply (Dkt. #27).  On November 23, 2020, Plaintiff filed his sur-reply (Dkt. #29).

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).  Summary judgment is proper under Rule 56(a) of the Federal Rules of Civil Procedure "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

FED. R. CIV. P. 56(a). A dispute about a material fact is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). Substantive law identifies which facts are material. *Id.* The trial court "must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment." *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981).

The party seeking summary judgment bears the initial burden of informing the court of its motion and identifying "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" that demonstrate the absence of a genuine issue of material fact. FED. R. CIV. P. 56(c)(1)(A); *Celotex*, 477 U.S. at 323. If the movant bears the burden of proof on a claim or defense for which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge the burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248–49). A nonmovant must present affirmative evidence to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 257. Mere denials of material facts, unsworn allegations, or arguments and assertions in briefs or legal memoranda will not suffice to carry this burden. Rather, the Court requires "significant probative evidence" from the nonmovant to dismiss a request for summary judgment. *In re Mun. Bond Reporting Antitrust Litig.*, 672 F.2d 436, 440

(5th Cir. 1982) (quoting *Ferguson v. Nat'l Broad. Co.*, 584 F.2d 111, 114 (5th Cir. 1978)). The Court must consider all of the evidence but "refrain from making any credibility determinations or weighing the evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## ANALYSIS[1]

Plaintiff brings claims for both unlawful retaliation and a hostile work environment based upon sexual harassment. Defendant asks the Court to grant summary judgment on both of Plaintiff's claims.

Regarding Plaintiff's retaliation claim, Defendant asserts that summary judgment is proper because Defendant did not retaliate against Plaintiff based on a report of sexual harassment. Specifically, Defendant claims that Plaintiff cannot establish a prima facie case of retaliation because Plaintiff did not engage in a protected activity when he responded to the Garden Ridge security guard's complaint, Plaintiff was not subjected to any materially adverse employment action, and no causal link exists between Plaintiff's removal from the Garden Ridge account and his alleged complaint of harassment. Further, Defendant argues that, even if Plaintiff makes a prima facie showing, Defendant had a legitimate, non-retaliatory reason to remove Plaintiff from the Garden Ridge account. Finally, Defendant claims that Plaintiff has no evidence of pretext.

Regarding Plaintiff's claim of a hostile work environment based upon sexual harassment, Defendant argues that Plaintiff does not cite any sufficiently severe or pervasive conduct, thereby failing to establish a sexually hostile work environment. Specifically, Defendant states that case law requires a high standard be met in order to establish a sexually hostile work environment.

---

[1] Defendant challenges the propriety of several pieces of Plaintiff's summary judgment evidence (*See* Dkts. #28, #30, #31). The Court considers only that evidence that satisfies the requirements of Rule 56 of the Federal Rules of Civil Procedure. *See Swanston v. City of Plano*, No. 4:19-cv-412, 2020 WL 6799173, at *3 n.3 (E.D. Tex. Nov, 19, 2020).

Plaintiff asserts that summary judgment is improper because he has an actionable claim for unlawful retaliation under Title VII. Plaintiff claims that he has, in fact, presented a prima facie case of retaliation. Plaintiff argues that he has shown: (1) he engaged in protected activity on numerous occasions; (2) he suffered an adverse employment action when his weekly pay was reduced, leading to his constructive discharge; and (3) a causal connection between the protected activity and the adverse employment action exists. Plaintiff also asserts that Defendant failed to offer a legitimate, non-retaliatory reason for Plaintiff's decrease in pay in February and March of 2016. Plaintiff further addresses pretext "out of an abundance of caution" (Dkt. #23 at p. 18).

Plaintiff also claims that he has an actionable claim of a sexually hostile work environment under Title VII. Specifically, Plaintiff argues that Neal's sexual behavior affected a term, condition, or privilege of his employment.

The Court will address each Title VII claim, and the arguments related thereto, in turn.

### I. Title VII Retaliation Claim

The ultimate inquiry before the Court is whether a genuine issue of material fact exists "as to whether the defendant intentionally discriminated against the plaintiff." *Long v. Eastfield College*, 88 F.3d 300, 304 (5th Cir. 1996) (citing *Armstrong v. City of Dallas*, 997 F.2d 65–66 (5th Cir. 1993)). To answer this question, the Court will utilize the *McDonnell-Douglas* framework. *See id.* (noting that "the burden-shifting structure applicable to Title VII disparate treatment cases, as set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973), is also applicable to Title VII unlawful retaliation cases"). *McDonnell-Douglas* provides that "once the plaintiff establishes [its] prima facie case, the burden of production shifts to the defendant to articulate a legitimate, non-retaliatory reason for the adverse employment action." *Id.* at 304–05 (citation omitted). "If the defendant introduces evidence which, if true, would permit the conclusion that

5

the adverse employment action was nondiscriminatory, the focus shifts to the ultimate question of whether the defendant unlawfully retaliated against the plaintiff." *Id.* (citation omitted).

After a careful review of the record, the Court is not convinced that Defendant has met its burden in demonstrating that there is no genuine issue of material fact as to Plaintiff's unlawful retaliation claim that would entitle Defendant to judgment as a matter of law. Thus, summary judgment on Plaintiff's unlawful retaliation claim is improper.

## II. Title VII Sexual Harassment Claim

"A plaintiff establishes a prima facie case of harassment based on a hostile work environment claim by adducing evidence that '(1) [he] belongs to a protected group; (2) [he] was subjected to unwelcome harassment; (3) the harassment complained of was based on [[his] protected class]; (4) the harassment complained of affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action.'" *Price v. Wheeler*, No. 20-10380, 2020 WL 6389964, at *7 (5th Cir. 2020) (quoting *Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002)).

Defendant asserts that "Plaintiff cites no sufficiently severe or pervasive conduct, thereby failing to establish a sexually hostile work environment" (Dkt. #20 at p. 23). Because Defendant's argument is wholly couched within the fourth element, the Court will analyze only whether Defendant has presented a genuine issue of material fact regarding the alleged harassment's effect on a "term, condition, or privilege of employment." *Price*, No. 20-10380, 2020 WL 6389964 at *7.

"To affect a term, condition, or privilege of employment, the harassment must be sufficiently severe or pervasive to alter the conditions of [the victim's] employment and create an abusive working environment." *Aryain v. Wal-Mart Stores, Tex. LP*, 534 F.3d 473, 479 (5th Cir.

6

2008) (internal quotation and citations omitted). "The alleged conduct must be objectively and subjectively hostile or abusive." *West v. City of Hous., Tex.*, 960 F.3d 736, 742 (5th Cir. 2020) (citing *Harris v. Forklift Sys, Inc.*, 510 U.S. 17, 21–22 (1993)). In determining whether a work environment is objectively hostile, the Court looks to the totality of the circumstances. *See Harris*, 510 U.S. at 23. "Although no single factor is determinative, pertinent considerations are (1) 'the frequency of the discriminatory conduct'; (2) 'its severity'; (3) 'whether it is physically threatening or humiliating, or a mere offensive utterance'; and (4) 'whether it unreasonably interferes with an employee's work performance.'" *West*, 960 F.3d at 742 (quoting *Harris*, 510 U.S. at 23). "To survive summary judgment, the harassment must be 'so severe and pervasive that it destroys a protected classmember's opportunity to succeed in the work place.'" *Hockman v. Westward Communications, LLC*, 122 F. App'x 734, 742–43 (5th Cir. 2004) (quoting *Shepherd v. Comptroller of Pub. Accts. of State of Tex.*, 168 F.3d 871, 874 (5th Cir. 1999)).

   a. **Frequency of Discriminatory Conduct**

"Under the totality of the circumstances test, a single incident of harassment, if sufficiently severe, could give rise to a viable Title VII claim as well as a continuous pattern of much less severe incidents of harassment." *E.E.O.C. v. WC&M Enterprises, Inc.*, 496 F.3d 393, 401 (5th Cir. 2007) (collecting cases). However, "[t]he Supreme Court has repeatedly stated that 'simply teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment.'" *Hockman*, 122 F. App'x at 744 (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) (internal quotation and citations omitted)).

Plaintiff claims that Neal called him an attractive man, offered to go into the back lot to engage in sexual activity, and told him that she wanted to perform sexual acts with him. Plaintiff

alleges that Neal's remarks "occurred on a regular and consistent basis for several months despite [Plaintiff's] repeated reports of harassment" (Dkt. #23 at p. 21). Plaintiff asserts that the comments began in September of 2015 (*see* Dkt. #23, Exhibit 2 at p. 1) and stopped around October 31, 2015 (*see* Dkt. #22, Exhibit 9 at p. 110). Plaintiff admits he had no additional issues with Neal following November/December of 2015. In early January of 2016, Plaintiff was taken off the Garden Ridge account. No facts indicate that Plaintiff was subjected to Neal's remarks on daily basis. Importantly, Neal did not work for Defendant—rather, she was a customer's security guard.

Plaintiff found the comments by Neal offensive. However, the Court is not persuaded that the comments occurred with such severity or regularity to find this factor supports a sexually hostile work environment. The Court is convinced, under Fifth Circuit precedent, that the sexual remarks made by Neal rise only to the "boorish and offensive" level—not severe. *See Hockman*, 122 F. App'x at 745 (noting that the complained-of conduct "is simply not in the same league as that at issue in the *Farpella-Crosby* and *Waltman* cases" (citing *Farpella-Crosby v. Horizon Health Care*, 97 F.3d 803 (5th Cir. 1996) and *Waltman v. Int'l Paper Co.*, 875 F.2d 468 (5th Cir. 1989))). Neal's comments were "'mere utterance[s] of an . . . epithet which engenders offensive feelings in an employee.'" *Harris*, 510 U.S. at 21 (quoting *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 67 (1986)).

### b. Severity of Discriminatory Conduct

Plaintiff alleges that Neal directed sexually harassing comments at him. However, the Court has already determined that the comments do not rise above the level of "boorish and offensive." *See Hockman*, 122 F. App'x at 745.

Plaintiff also alleges that Neal touched him once. Plaintiff did note that the purportedly offensive touch was on the shoulder to apologize. Plaintiff does not claim that Neal touched him

in any inappropriate location, nor does Plaintiff assert that Neal touched him on more than one occasion.

Though some "extremely serious," *Faragher*, 524 U.S. at 788, comments may be sufficient to substantiate a sexual harassment claim, the necessary facts do not exist in the summary judgment record as presented to the Court to qualify Neal's remarks as such. Further, the Court is not persuaded that Neal's lone touch constitutes severe discriminatory conduct.

### c. Physically Threatening or Humiliating

Next, the Court must determine whether the remarks by Neal were physically threatening or humiliating, or whether they were "mere offensive utterances." *West*, 960 F.3d at 742 (quoting *Harris*, 510 U.S. at 23).

Plaintiff does not allege that Neal physically threatened him. In fact, when posed the question as to whether "anyone physically touch[ed] [him] in a sexual manner," he responded with "no[,]" followed by "I don't know . . . I'd have to go back and review it all in my mind and go over every single detail" (Dkt. #22, Exhibit 9 at pp. 248–49). Though Plaintiff did not fully commit to an answer, he could not remember an instance where he was physically touched in a sexual manner. Plaintiff also does not appear to argue that the comments made by Neal were humiliating—in fact, according to Plaintiff, the comments were made to other security guards allegedly also partaking in the alleged harassment. Thus, considering the facts as presented before the Court, the comments are best be classified as "mere offensive utterances."[2]

---

[2] The Court is careful to note that the classification of the comments as "offensive utterance" does not mean the Court is persuaded that the remarks were objectively offensive. Rather, Plaintiff felt the comments were offensive, and the Court finds the language appropriate in this limited context.

9

### d. Unreasonably Interferes with Employee's Work Performance

Plaintiff asserts he was written up for not completing his workload. Though Plaintiff argues that the write-up was not his fault, he admitted to running time out and not finishing his loads. Plaintiff's reason for not completing his work was that he wanted to avoid Garden Ridge and Neal's sexual comments. Thus, evidence on the record exists showing Neal's comments did interfere with Plaintiff's work performance. However, the Court is not persuaded that one isolated incident of a write up constitutes an "unreasonable" interference as required to support a claim for a sexually hostile work environment. Plaintiff does not claim he was unable to do his job due to Neal's comments, nor does Plaintiff state his actual performance suffered.

Ultimately, Plaintiff has submitted evidence that he was offended by Neal's comments.[3] However, after considering the totality of the circumstances, the Court finds that the environment was not objectively offensive. Thus, Plaintiff has not carried his burden to show a material fact issue exists on his claim for a hostile work environment due to sexual harassment because he has not shown that his "opportunity to succeed in the workplace" was "destroyed" by the alleged harassment. *Hockman*, 122 F. App'x at 742–43.

### CONCLUSION

It is therefore **ORDERED** that Defendant Intermodal Cartage Co., LLC's Motion for Summary Judgment (Dkt. #20) is hereby **GRANTED in part** and **DENIED in part**.

---

[3] Plaintiff asserts that Neal's comments were objectively offensive because "Defendant admitted that [Neal's] comments were objectively offensive" (Dkt. #29 at p. 5). However, Plaintiff only references Defendant's Vice President of Human Resources' statement that the comments made by Neal would be against anybody's sexual harassment policy. The Court finds that one statement insufficient to establish that Neal's comments were objectively offensive. At best, Plaintiff has presented proof that the VP would find the comments offensive as well. Further, Plaintiff presents no authority for the proposition that a violation of a sexual harassment policy constitutes objectively offensive conduct. Whether the conduct conforms with a HR policy is not the objective test—rather, the test is whether a "reasonable person would find [the environment] hostile or abusive." *Faragher*, 524 U.S. at 787.

It is further **ORDERED** Plaintiff's claim of a hostile work environment is hereby **DISMISSED with prejudice**.  Plaintiff's unlawful retaliation claim shall proceed to trial.

It is further **ORDERED** that Defendant's Objections to Plaintiff's Evidence Filed in Opposition of Defendant's Motion for Summary Judgment (Dkt. #28) is hereby **DENIED as moot**.

**SIGNED this 8th day of March, 2021.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE